# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Merrigan, Appellant, v. Evans.

*Negligence—Inference of negligence—Court and jury—Duty of court.*

In an action to recover damages for negligence, it is always a preliminary question of law for the court, whether any fact has been established by the evidence, from which an inference of negligence can reasonably be drawn. If no such fact appears, there is nothing to submit to the jury.

*Negligence—Mines and mining—Safety appliances—Evidence.*

A mine foreman is not chargeable with negligence, in failing to adjust in a particular manner a safety device for derailing a car, where there is no evidence to justify the conclusion that the failure to adjust in the manner specified prevented the practicable use of the device, or contributed in any way to the happening of the accident.

Argued Feb. 24, 1908. Appeal, No. 242, Jan. T., 1907, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1906, No. 148, on verdict for defendant in case of Patrick Merrigan v. Alban Evans. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before NEWCOMB, J.

At the trial it appeared that the defendant was a certified mine foreman, in charge of a mine of the Scranton Coal Com-

(1)

pany. On August 5, 1905, James Merrigan, a minor son of the plaintiff, was killed in the mine while at work as a driver of a mine car.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was the charge of the court.

*Chas. P. O'Malley* and *Everett Warren*, of *Willard, Warren & Knapp*, with them *F. E. Boyle*, for appellant.—The violation of a statutory duty is evidence of negligence: Lederman v. R. R. Co., 165 Pa. 118; Connor v. Traction Co., 173 Pa. 602; Durkin v. Kingston Coal Co., 171 Pa. 193.

The common-law presumption is that everyone does his duty until the contrary is proved; and in the absence of all evidence on the subject, the presumption is that the decedent observed all the precautions which the law prescribes, before he attempted to cross defendant's road: Haverstick v. Penna. R. R. Co., 171 Pa. 101; Hanna v. Ry. Co., 213 Pa. 157; Unger v. R. R. Co., 217 Pa. 106; Lilly v. R. R. Co., 107 N. Y. 566 (14 N. E. Repr. 503).

Since the passage of the Act of June 2, 1891, P. L. 176, and art. XII, sec. 50, the common-law duty to furnish a reasonably safe place in which the employees are to work is placed upon the mine foreman. That there was evidence to go to the jury on this question in the present case, we think is beyond doubt: Durkin v. Kingston Coal Co., 171 Pa. 193; Kless v. Youghiogheny Mining Co., 18 Pa. Superior Ct. 551; Vanesse v. Catsburg Coal Co., 159 Pa. 403; Cambria Iron Co. v. Shaffer, 8 Atl. Repr. 204; Stillman v. Marsden, 9 Atl. Repr. 639; Gulla v. Leigh Valley Coal Co., 28 Pa. Superior Ct. 11; Penna. Coal Co. v. Nee, 13 Atl. Repr. 841; Trainor v. Phila. & Reading Ry. Co., 137 Pa. 148; Tissue v. B. & O. R. R. Co., 112 Pa. 91; Woodward v. Shumpp, 120 Pa. 458.

*James E. Burr*, for appellee.—If the court decided right the judgment must stand, no matter what reasons were given by the judge deciding the case: Brew v. Hastings, 206 Pa. 155; Corgan v. Coal Co., 218 Pa. 386.

It was the duty of the plaintiff (a) to show some negligence

upon the part of the defendant, which was the proximate cause of the accident, and, if such negligence were clearly imputed to him, (b) the plaintiff could not recover if his deceased son was guilty of contributory negligence, or (c) if the negligence of a fellow servant caused the injury : Christner v. Coal Co., 146 Pa. 67 ; Titus v. R. R. Co., 136 Pa. 618 ; McCool v. Lucas Coal Co., 150 Pa. 638 ; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449.

OPINION BY MR. JUSTICE POTTER, April 20, 1908 :

In this case the defendant, who was the mine foreman, was charged with neglect of duty under the statute in not providing and maintaining in good order a safety block or some other device to derail or block mine cars when running away on a slope.   The appliance which seems to have been in customary use for this purpose in the mines was a crude sort of derailing device, consisting of a heavy block of wood which when in use was braced against an upright prop at one end, and extended over the rail at the other so as to intercept and throw from the track a runaway car.   It is undisputed that such a block was provided at this particular place by the defendant, and no fault was found with its quality or character.   It is averred only that the block was not permanently attached to the prop, so that it might be swung around, as a gate works upon its hinge.   This would undoubtedly have added to the ease of working, but it was not shown that the lack of fastening interfered with the effective use of the block.   In fact, it was used for the purpose intended by the deceased and his fellow drivers without complaint for a period of two weeks or more prior to the accident.   It appears from the evidence that it was the duty of the drivers, of whom deceased was one, to place the block in position after putting a car in a chamber. Whether or not the deceased placed this particular car which escaped from the miners who loaded it, was not shown.   But if he did, then he failed to block the track and guard against the runaway.   Either he or one of his fellow drivers was apparently at fault in this respect.   The block was a secondary or emergency obstacle, not intended to come into play, except in case of the breaking away of a car from its primary means of control.

The learned trial judge instructed the jury, that the test of the liability of the defendant was whether he honestly exercised his judgment in supplying a suitable block in proper place, relying on his belief that sufficient effort would be made to use it by those having occasion to do so. In his opinion refusing a new trial, the learned judge concedes that this was not the proper test of negligence, to be applied to the conduct of the defendant, but that it should have been measured by the rule requiring reasonably safe appliances to work with, in accordance with the ordinary usages of the business.

But the preliminary question remains, which was one of law for the court, as to whether any fact was established by the evidence, from which an inference of negligence could reasonably be drawn. The negligence, if any there be, must in some way be connected by evidence with the accident. If the fact that the head-block was not fastened to the upright post by a hinge had any effect in causing the accident, it ought to have been made a matter of evidence; but nothing of the kind was shown. We find nothing in the testimony to justify the conclusion that if the head-block had been hinged to the post, the deceased would have escaped the injury which befell him. The head-block was not used, as under the evidence it clearly might have been, and no reason for its non-use was given. As the trial judge says, if there were any evidence either that deceased or others who were called upon to use the block, had been told by the foreman that it was not in condition for use, or if it had appeared that an effort had been made by the deceased to operate it, which had failed ; or that, having been placed in position on the track, it proved inefficient, a different question would have been presented. But, as the evidence stands, we see nothing to justify the conclusion that the injury was the result of the fact that the head-block was not hinged to the post. The alleged negligence was not, therefore, connected with the accident as having caused it or contributed to its happening.

The assignments of error are overruled, and the judgment is affirmed.